UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDILBERTO CAVERO

   Plaintiff

Case No.:

STELLAR RECOVERY INC

   Defendants

FILED by _QpAR_ D.C.

DEC 10 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff, EDILBERTO CAVERO hereby sues Defendants, STELLAR RECOVERY INC; and alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC §227(b)(1)(A), 47 USC §227(b)(1)(A)(iii), for damages for violations of the Fair Debt Collection Practices Act(FDCPA)15 USC §1692d,1692d(5),1692d(6),1692e(2), and 1692g, and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA),FLA STAT §559 (Part VI).

2. Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged and non-existing debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 47 U.S.C. §227(b)(3), 15 U.S.C. §1692k (d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $74,500.

## PARTIES

6. Plaintiff, Edilberto Cavero, is a natural person and is a resident of the State of FLORIDA

7. Upon information and belief Defendant, STELLAR RECOVERY INC is a foreign corporation authorized to do business in Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff has no prior or present established relationship with the Defendant STELLAR RECOVERY INC

9. Plaintiff has never given Defendant express permission to call Plaintiff's cellular phone.

10. Plaintiff has no contractual obligation to pay Defendant STELLAR RECOVERY INC.

11. From July 5, 2012 thru October 5, 2012, Defendant STELLAR RECOVERY INC. violated the TCPA by leaving 46 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

12. From July 5, 2012 thru October 5, 2012 Defendant STELLAR RECOVERY INC. violated the TCPA by calling Plaintiff's cell phone 49 times with no prior permission given by Plaintiff.

13. From July 9, 2012 thru September 28, 2012 the Defendant STELLAR RECOVERY INC violated the TCPA by leaving 46 recorded messages on Plaintiffs cell phone without express permission.

14. From July 5, 2012 thru October 5, 2012 Defendant STELLAR RECOVERY INC asserted a right which it lacks, to wit, the right to enforce an alleged debt.

15. On July 5, 2012 Plaintiff received a call from Defendant STELLAR RECOVERY INC. trying to collect an alleged and non existing debt. Plaintiff requested that Defendant put information in writing.

16. On July 6, 2012 Plaintiff received a second call from Defendant STELLAR RECOVERY INC. Defendant employee was reminded by Plaintiff to please put information in writing

17. On October 5, 2012, Plaintiff received a call from Mr. Kennett Mc Claim at STELLAR RECOVERY INC trying to collect an alleged and non existing debt. Plaintiff remind STELLAR'S employee to please put information in writing.

## COUNT I
## VIOLATIONS OF THE TELEPHONE
## COMMUNICATIONS ACT 47 U.S.C. §227

18. Plaintiff alleges and incorporates the information in paragraphs 1 through 17

19. Defendant STELLAR RECOVERY INC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call 49 times the Plaintiff's number, which is assigned to a cellular telephone service.

20. 47 U.S.C. §227(b)(1)(A) states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—it shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

3

21. Defendant STELLAR RECOVERY INC has committed 49 separate violations of 47 U.S.C. §227(b) (1) (A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b) (3) (B).

22. 47 U.S.C. §227(b) (3) (B) states in part;

> (3) **Private right of action**
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) Both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

23. Defendant STELLAR RECOVERY INC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The 49 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. . An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

24. Defendant STELLAR RECOVERY INC. has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b) (1) (A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given STELLAR RECOVERY INC permission to call Plaintiff's cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b) (3) (B). Plaintiff and STELLAR RECOVERY INC do not have an established business relationship within the meaning of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against STELLAR RECOVERY INC for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT II
## WILLFUL AND NEGLIGENT VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

25. Plaintiff alleges and incorporates the information in paragraphs 1 through 24.

26. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

27. Defendant STELLAR RECOVERY INC violated §1692d making the phone to ring many times to harass, oppress and abuse consumer. Defendant calls were automatic and from different numbers .Plaintiff demands judgment in the amount of $1000

28. Defendant STELLAR RECOVERY INC violated §1692d (5) causing the phone to ring or engaging in telephone conversations repeatedly. Plaintiff demands judgment in the amount of $1000.

29. Defendant STELLAR RECOVERY INC violated §1692d (6) placing telephone calls without disclosing his/her identity. Plaintiff demands judgment in the amount of $1000.

30. Defendant STELLAR RECOVERY INC violated §1692e (2), misrepresenting character, amount, or legal status of the alleged debt.Plaintif does not have any contracts o business relationship with Defendant. Plaintiff demands judgment in the amount of $1000

31. Defendant STELLAR RECOVERY INC violated §1692g, collector must send the consumer a 30 days validation notice within five days of the initial communication. Plaintiff has not received the 30 DAYS VALIDATION NOTICE as to this date.

**WHEREFORE,** Plaintiff demands judgment for damages against, STELLAR RECOVERY INC and  actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

5

## COUNT III
## WILLFUL AND NEGLIGENT VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)

32. Plaintiff alleges and incorporates the information in paragraphs 1 through 31.

33. Plaintiff is a consumer within the meaning of §559.55(2).

34. STELLAR RECOVERY INC is a debt collector within the meaning of §559.55(6).

35. STELLAR RECOVERY INC violated §559.72(7) by willfully and negligently Communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff. Defendant demands $1000.

36. STELLAR RECOVERY INC violated §559.72(9) by claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate. Defendant demands $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against. STELLAR RECOVERY INC for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law. Respectfully submitted this 10th day of December, 2012

*/s/ Edilberto Cavero*

Edilberto Cavero
1421 SW 107 AVE #259
Miami fl 33174
(786)295-7615
ecavero@aol.com

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be filed with the Clerk of Court and served properly this 10th day of December, 2012 to the party listed below by Registered Agent at:

BRANT, ABRAHAM ,REITER ,MC CORMICK & JOHNSON

50 NORTH LAURA STREET, SUITE 2750

JACKSONVILLE, FL 32202


For:

STELLAR RECOVERY INC

1327 HWY 2 W SUITE 100

KALISPELL MONTANA 59901